## PICKARD & PICKARD *v.* H. SAMUELS ET AL.

ATTACHMENT. *Fraudulent disposition or intended disposition or removal of property. Evidence to sustain or defeat action. Burden of proof.*

To sustain an action of attachment on the ground that the debtor has made or is about to make a fraudulent disposition of his property, or that he is about to remove his property out of the State, it is sufficient for the plaintiff to show that the defendant has disposed of or is about to dispose of any of his property fraudulently, or that he is about to remove any of his property out of the State ; and then it devolves on the defendant debtor, if he would defeat the attachment, to show, if he can, that he has other ample visible property to satisfy all claims against him, unless such fact appears by the evidence for the plaintiff. *Montague* v. *Gaddis*, 37 Miss. 453, and *Myers* v. *Farrell*, 47 Miss., cited and explained.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

The case is stated in the opinion of the court.

*C. P. Neilson*, for the appellants.

The only reason given by the judge below for his ruling was, that plaintiffs had failed to establish by evidence that defendants did not have plenty of other property in the State to pay all their debts ; " the jury didn't know but what defendants were millionaires." The learned judge was evidently misled by a misconstruction and misapplication of the principle laid down in *Myers* v. *Farrell*, 47 Miss. 281. He evidently lost sight of every alleged ground except the removal clause, and even on that required the plaintiffs to show affirmatively a negative proposition which was purely matter of defense. When plaintiff in attachment establishes the fact that the defendant has or is about to remove his property, has concealed or is about to conceal it, has disposed of or has converted it, under circumstances showing a fraudulent design, his case is made out. If the defendant has other property which he is not so treating, it is for him to show it. If the ruling of the court below in this case be correct, the attachment law as to five or six of the grounds is a dead letter. If we show the defendant has operated on *all* his property, we sustain our affidavit but we get noth-

ing. If we show he has other property, we fail in our suit and pay damages. The negative we are required by this ruling to establish is difficult if not impossible of proof. These defendants living in Wilkinson may, by this ruling are presumed to, have property in any or every county in the State. Plaintiffs must overcome this presumption by proof that they have none. Only the *best* evidence is admissible. Must plaintiffs summon every sheriff in the State, with his assessment roll, or must they go still further, issue an alias writ to each county, and have the return thereon of no property after diligent search?

I think the case is fully made out by the evidence, and ask that the judgment of the lower court be reversed and the cause remanded.

*T. M. Miller,* on the same side.

I understand that upon the supposed authority of *Montague* v. *Gaddis,* 8 Geo. 453, cited in *Myers* v. *Farrell,* 47 Miss., the court was of the opinion that since the testimony *for the plaintiff* did not clearly negative the ownership of other property in places other than the county of the defendant's residence, then no fraudulent conduct with reference to the property shown would warrant an attachment.

The case referred to does not support the position. It was not said by the court that the testimony offered by the plaintiff (in a case which, by the way, did not involve fraud, but only a removal from the jurisdiction) would not by itself have authorized the attachment. The defendant there proved that he had a plantation and other property which he had no purpose to dispose of or take away, and which was more than ample to satisfy his debts. And upon this showing the high court of errors and appeals said it should have been left to the jury to determine whether the attachment was rightfully sued out, and held that the statute did not apply to the case of a partial removal of property *when ample was left* in the open and notorious ownership of the defendant.

It would be a frustration of the principle intended for the protection of creditors to hold that because they are not prepared to show that defendant had no other property they must stand by and

chance the loss of their claims. This kind of astuteness is on the wrong side.

Again, where is the authority which holds that a solvent *fraudulent* debtor may not be attached? When *fraudulent* conduct is shown with reference to a portion of his property, why may not the conclusion be drawn of a purpose to get rid of the balance? A man with ample property subject to the payment of his debts could have no possible motive in secretly, surreptitiously getting rid of a small part. It seems to me in a case of this kind the only value of proof of solvency is to explain what, on any other hypothesis, might appear to be fraudulent. That is the principle in the case of *Montague* v. *Gaddis.*

*A. G. Shannon* and *D. C. Bramlett,* for the appellees.

We insist that there is no error in the judgment of the court below.

There was no evidence of the insolvency of defendants, none that they had disposed of any property with intent to place it beyond the reach of their creditors, or that they, or either of them, had assigned or sold any property, etc., with intent to defraud their creditors. In short, there was no evidence to sustain any ground upon which the attachment was sued out. And we submit that the judgment of the court below should be affirmed.

COOPER, C. J., delivered the opinion of the court.

This is an attachment suit by the appellants against the appellees, who are merchants. The alleged grounds of attachment are, that the defendants were about to remove their property out of the State; that they had property or rights of action which they concealed and refused to apply to the payment of their debts; that they had assigned or disposed of, or were about to assign or dispose of, their property, or some part thereof, with intent to defraud their creditors, and that they had converted, or were about to convert, their property into money, or evidences of debt, with intent to place it beyond the reach of their creditors. The defendants filed a plea traversing the grounds for suing out the writ, and, after the plaintiffs had introduced their evidence on this issue, it was upon

motion of the defendants excluded by the court as insufficient to maintain the action ; the jury, under instructions from the court, returned a verdict in favor of the defendants, on which judgment final was rendered, from which this appeal is prosecuted. The evidence for the plaintiffs showed that the defendants were the owners of two country stores and of some personal property and lands, the personalty consisting, besides their stock of goods, of mules, wagons, and book accounts. It is also shown that a short time before the issuance of the writ of attachment several mules were sent from their place of business into the town of Woodville to a Mr. Rothschild, and a note was sent by the servant who carried the mules saying that defendants wanted to sell them. These mules reached Mr. Rothschild's residence about ten o'clock at night, and were turned into his lot ; he replied by a note that he did not desire to purchase the mules, and this note was delivered by the servant to one of the defendants between twelve and one o'clock on the same night ; upon receiving and reading this note this defendant directed the servant to return and bring back the mules, and to say to Mr. Rothschild that defendants had sold them ; accordingly, on the same night, the mules were carried back to defendants' house, and have not since been seen in that neighborhood, nor was the sheriff who held the writ of attachment able to find them ; the wagons also disappeared about the same time. The books of the firm show that between the 17th day of February and March 1 between five and six thousand dollars in cash were taken out of the firm by the defendants individually, and do not show what disposition was made of but a small portion thereof ; at about this time there was brought forward from an old ledger an item of credit for nearly two thousand dollars in favor of Mrs. Samuels, which item had not appeared on the current accounts for more than three years. Soon after the attachment was sued out the defendants permitted judgments by default to be rendered against them for some sixteen thousand dollars, and soon after the attachment was levied the wife of one of the defendants and the former clerks of the firm opened up or were conducting a mercantile business in the same store-houses, and the defendants appeared as clerks therein.

It will thus be seen that the evidence was amply sufficient to sustain the attachment issue, unless it be true that it devolved upon the plaintiffs to negative the ownership of other property by the defendants sufficient for the payment of their debts. It is stated by counsel for appellants that the action of the court was because of the failure of the plaintiffs to show the insolvency of the defendants, which the court thought should be done under the decisions of this court in *Montague* v. *Gaddis*, 37 Miss. 453, and *Myers* v. *Farrell*, 47 Miss. 281.

We think the learned judge misconceived the purport of these cases. In *Montague* v. *Gaddis* the sole ground for attachment was that the defendant was about to remove his property out of this State. It was shown by the defendant that he owned three plantations, one in Lauderdale County and one in Rankin County in this State, and another in the State of Louisiana. The defendant resided in the county of Rankin, and the value of his property there (which he did not intend to remove from the State) exceeded all his liabilities in this State. It was conceded that the defendant was endeavoring to sell his Lauderdale County lands, and intended to remove the slaves from that county to his place in Louisiana. In this condition of the evidence the defendant asked the court to instruct the jury that " if it believed from the evidence that the defendant had a large property of a permanent nature and subject to execution, ample and sufficient to meet all his liabilities, and that the same was in the county of Rankin in this State at the time the attachment was sued out, which he was not about to remove, they may find for the defendant." This instruction the lower court refused to give, and for that the judgment was reversed. The court announced the very proper rule, that where ample and visible property was reserved by the debtor in this State he was not liable to attachment merely because he was about to remove other property from the State. By such removal the creditor was not placed in any worse condition than before; the collection of his debt was not endangered nor delayed, and the principle of the statute did not apply. In *Myers* v. *Farrell*, Simrall, J., who delivered the opinion of the court, in refer-

ring to the case of *Montague* v. *Gaddis*, used language calculated to mislead, construing it as deciding that no removal of property beyond the State would warrant an attachment unless it was "to that extent which would not leave enough here to respond to the debt." This was a misconception of the principle of the case referred to, which is that a removal which does not jeopardize the creditor's rights is not, while one that does is, ground for attachment. But in neither case was it said that the plaintiff must establish the non-ownership of other property by the defendant, and certainly that is not required where the ground for attachment is that the debtor has made or is about to make a fraudulent disposition of his estate and evidence is given by the plaintiff sufficient to establish the fraud, if the debtor has not other ample visible property. Under such circumstances it devolves on the defendant to meet the case made unless sufficient appears in the plaintiff's evidence to repel the inference of fraud. So also in cases of attachment on the ground of removal of property beyond the State. The defendant should show in response to plaintiff's evidence that he has ample visible property to answer his demand, and that of any other creditors shown to exist.

*The judgment is reversed and cause remanded.*