Statement of the case.

### J. H. Stephenson *v.* T. B. Sloan.

Attachment. *Removal of property from State. Intent.*

Under Section 2415, Code of 1880, which declares it a ground of attachment, "That he (the debtor) has removed, or is about to remove, his property out of this State," a debtor who removes his property, or a part thereof, from the State, for the purpose of converting it into money, not having or leaving sufficient property in the State subject to execution to pay his creditors, is liable to attachment, whether his intent in so doing is fraudulent or not.

Appeal from the Circuit Court of Union County.

Hon. W. S. Featherston, Judge.

J. H. Stephenson sued out an attachment against T. B. Sloan. One of the grounds for the attachment was, as alleged, that defendant " has removed or is about to remove himself or his property out of this state. " The grounds for the attachment were traversed.

The evidence on the trial of the issue in abatement, touching the ground of attachment above quoted, tended to show that Sloan raised certain cotton of the " Allen" variety; that such cotton could not be sold at an advantage in his usual market town and that it was the habit of the producers of this variety of cotton in that neighborhood to ship to Memphis, Tenn.; that Sloan placed his cotton in the hands of one of his creditors named Collins, who was the cotton weigher in his market town, with instructions to ship the cotton to Memphis, sell the same, take out of the proceeds what was due him, and pay over the remainder to the defendant, Sloan. The evidence further tended to show that excluding this cotton Sloan did not have sufficient property to pay his debts.

The Court refused an instruction, asked by the plaintiff, as follows:

" The Court charges the jury that if they believe from the evidence that defendant removed his property out of this state, and that such removal jeopardized the rights of his creditors in the collection of their debts, such removal of his property is

65 Miss.—27.

sufficient ground for attachment, and they will find for plaintiff. "

The Court gave the following charge :

" If the jury believe from the evidence that the defendant, Sloan, delivered the cotton to Collins to be shipped to Memphis, Tenn., and there sold and the proceeds of the sale returned to Sloan in this county, then such a removal of the cotton out of the state was not such a removal of the property of the defendant out of the state as would justify his creditors in suing out attachments against him on that ground ; that the removal of property out of the state which would justify an attachment must be a permanent removal of the property and placing it beyond the jurisdiction of the Courts of this state. "

The jury found for the defendant, and there was judgment accordingly. The plaintiff appealed.

*J. D. Fontaine,* for the appellant.

It is established beyond all controversy from the testimony that appellee had removed his property from this State, and that after such removal of his property appellee had no visible property in the State to pay his debts, and the charge refused by the court was a correct exposition of the law.

*Myers* v. *Farrell,* 47 Miss., 281; *Montague* v. *Gaddis,* 37 Miss., 453; *Pickard & Pickard* v. *Samuels et al.,* 64 Miss., 822.

The substituted charge given in lieu of the charge asked by appellant is incorrect, as applied to the facts in this case. We admit that the mere removal of goods from the State will not justify his creditors in attaching. But this can only apply where the debtor has ample visible property remaining in the State to answer the demands of his creditors, and where his creditors would not be jeopardized in the collection of their debts.

*Pickard & Pickard* v. *Samuels,* 64 Miss., *supra.*

But in this case it is clearly shown that appellee had no such property remaining. And again, said substituted charge was calculated to mislead the jury. The property was permanently removed from the State; was to be sold in Memphis, Tenn., and has been all the time since the removal beyond the jurisdiction of the courts, and this, notwithstanding the return of the proceeds.

*Z. M. Stephens*, for the appellee.

In order to make the act of the defendant a ground of attachment, there must have been some element of fraud or bad faith in the act, and prompting it. The attachment law " is a proceeding *in rem* to enforce the debt from the non-resident, absconding or fraudulent debtor." *Myers* v. *Farrell*, 47 Miss., p. 281.

The removal of the cotton out of the State was only temporary, as it was to be converted into money, and that money returned to the hands of a creditor, where it was liable to his debts.

It is not to be supposed by any creditor that a crop of cotton to be raised by his debtor will remain in the State. This great staple is raised by our people with the express idea that it is to go immediately out of the State to get a market; from its very nature it must necessarily be taken out of the State to be utilized by the producer. See " Drake on Attachments " (3d edition), section 69, citing *Russell* v. *Wilson*, 18 La., p. 367.

ARNOLD, J., delivered the opinion of the Court.

For a debtor to remove, or be about to remove himself or his property out of this state, is ground for attachment against him. Code Sec. 2415.

Under this statute a debtor who removes his property, or a part thereof, from the state, for the purpose of converting it into money, not having, or leaving sufficient property in the state subject to execution to pay his creditors, is liable to attachment, whether his intent in doing so is fraudulent or not. Such is the construction placed on similar statutes in other states, as well as in this state. Drake on Attachments, Secs. 70, 71. Waples on Attachments, 55; *Mack & Co.* v. *McDaniel*, 2 McCrary 198; *Randolph* v. *McCain*, 34 Ark., 696; *Haber* v. *Nassitts*, 12 Fla., 589; *Pickard* v. *Samuels*, 64 Miss., 822. The action of the Court below in giving and refusing instructions was not in accordance with this view, wherefore the judgment is reversed and the cause remanded.